IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES BRENT, *et al.* | : | |
| Plaintiffs | : | |
| v | : | Civil Action No. WMN-04-2030 |
| | | (Consolidate Case: WMN-04-2028, |
| ROBERT J. KUPEC, *et al.* | : | WMN-04-2029, and RDB-04-2066) |
| Defendants | : | |

o0o

**MEMORANDUM**

Pending in this case are several motions filed by Plaintiffs and a Motion for Summary Judgment filed on behalf of Defendants. Before the merits of the Complaint are addressed, each of the motions filed by Plaintiffs will be addressed herein.

**Motions for Appointment of Counsel** (Papers No. 12 and 15)

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists, but the litigant has no capacity to present it counsel should be appointed. *Id*. In the instant case, Plaintiffs have demonstrated the capacity to present their claims to this court. The only factor cited in support of the motion to appoint counsel is the number of litigants involved in this case. This court finds, however, that the nature of the claims raised concerning prison conditions at

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

Eastern Correctional Institution (ECI) where all of Plaintiffs are currently incarcerated,[2] as well as the injunctive relief requested, does not necessitate appointment of counsel for presentation of the claims. The Motions for Appointment of Counsel shall be denied without prejudice at this time.

**Motion to Certify Class Action** (Paper No. 15)

Under Fed. R. Civ. Proc. 23(b) this court may certify an action as a class action if, after the prerequisites of Rule 23(a)[3] are satisfied,

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The five separate identical complaints[4] filed regarding the conditions as they exist at ECI were

---

[2] To the extent that one or more of the litigants in this case have been transferred from ECI to another prison or have been released, their interest in the injunctive relief requested in this case is moot.

[3] One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. Proc. 23(a).

[4] Originally the complaint submitted to this court included approximately 100 signatures of inmates at ECI.  Each of those inmates were contacted by this court to determine if they intended to pursue a civil action.  Many of the notices mailed were returned to the Clerk because the inmate to whom it was addressed was no longer incarcerated at ECI or the identification number was improper.  Some of the inmates who originally filed complaints, voluntarily dismissed their claims. *See Barr v. Kupec, Warden, et*

consolidated on November 30, 2004 for all purposes. Paper No. 19. There has been no showing that a certification of these cases as a class action would result in a more efficient adjudication of the claims raised, nor is this court convinced that any inconsistent adjudications will result if this action is not certified as a class action. The Motion for Class Action shall be denied.

**Miscellaneous Motions**  (Papers No. 16, 23, 25, 31 and 32)

Plaintiffs' motions for a scheduling order; to be heard; and to compel discovery (Papers No. 16, 23, and 31) pre-date the filing of a responsive pleading to the complaint. Under Local Rule 104.4 discovery does not commence in a case until a responsive pleading is filed. The requests for a scheduling order and to compel Defendants to provide documents or other information to Plaintiffs were made at an inappropriate stage of the litigation. In addition, the motion to compel Defendants to answer interrogatories or produce documents (Paper No. 31) seeks to force Defendants to reveal funding expenditures[5] and personnel matters[6] that are not relevant to the issues now pending in this case. *See* Paper No. 19, limiting issues to four claims. These motions will, therefore, be denied at this time.

Plaintiffs filed a Motion to add Warden Kathleen Green as a defendant. Paper No. 25. In

---

*al.*, Civil Action No.: AW-04-1744; *Joyner v. Kupec, Warden et al.*, Civil Action No. AW-04-2292; and *Russell v. Robert Kupec*, *Warden, et al.,* Civil Action No. AW-04-2083. Others whose signatures appeared on the original complaint contacted this court to specifically disavow any interest in filing a claim in this matter.

[5] Plaintiffs reference funding allocated for use to install an antennae system at ECI which they allege was diverted for other purposes. Paper No. 31. The fact that funding allegedly allocated for one purpose is used for another is not germane to the determination as to whether the current conditions at ECI approach the level of cruel and unusual punishment prohibited by the Eighth Amendment.

[6] Plaintiffs claim that certain officers are mentally unstable and have attempted to provoke an assault by an inmate in order to obtain medical retirement status. Paper No. 31. They seek, inter alia, to have mental status exams performed on these officers to determine if they are fit to handle the stress of the job. *Id*. Even if this request were made at the proper time, this court would not be inclined to indulge innuendo, unsupported by any real evidence, by requiring unnecessary and expensive psychiatric examinations on unspecified correctional staff.

support of the request, Plaintiffs state that Warden Kupec is no longer the warden at ECI and Warden Green is responsible for many of the conditions as they exist at ECI currently. *Id*. Having filed this motion prior to Defendants responsive pleading, the requested amendment is permitted and the motion shall be granted. Given the pending dispositive motion filed by Defendants, counsel shall be directed to notify this court regarding whether service of the complaint on Warden Green will be waived. In the event that service is waived, this court will deem Warden Green as joining in the pending motion to dismiss or for summary judgment.

Plaintiffs filed a Motion to Compel this Court to address all pending motions filed by them in this case. Paper No. 32. To the extent that this Memorandum and the following Order addresses all pending motions, Plaintiffs' motion is granted.

**Plaintiff Arey's Motion for Extension of Time and for Return of Property**
(Paper No. 45)

Plaintiff Arey alleges that an excess of $59.07 has been deducted from his inmate account for payment of the filing fee ordered in this case. Attached to the motion are receipts from the Clerk's office showing that a total of $209.07 has been received from Mr. Arey's account. Paper No. 45 at Ex. 1. At the time this Complaint was filed the civil filing fee was $150.00. Accordingly, upon verification by the Clerk's office, Mr. Arey's request for a refund of $59.07 will be granted and all further deductions from his account shall cease forthwith.

The remaining allegations in Plaintiff Arey's Motion concern his inability to access legal materials stored in the ECI storage room. He claims that the inaccessibility of those materials have interfered with his ability to pursue state post conviction issues. As relief he seeks an order from this court requiring defendants to put him in a single cell at ECI or transfer him to a prison where he may have a single cell so that he may keep all of his legal papers with him. Mr. Arey's request for a transfer to another prison or

4

for single cell housing will be denied as it is not the province of this court to interfere with the daily operations, including cell assignment decisions involved in running a prison. To the extent that Mr. Arey is seeking additional time to file an opposition to Defendants' Motion to Dismiss or for Summary Judgment, he has already filed a traverse to the motion. Paper No. 43. It is therefore unclear why he has made this request for additional time or whether the request is now moot. In light of his allegation that his efforts to prepare legal pleadings are burdened by his current housing assignment, however, his request for additional time shall be granted to and including August 26, 2005.

A separate Order follows.

/s/

August 10, 2005                           _____
Date                                                 William M. Nickerson
                                                     Senior United States District Judge